# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| PATRICIA RENEE WEST | ) | CASE: A17-60670-CRM |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend to sixty-six (66) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period ending December 31, 2016. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to provide to the Trustee a copy of the last tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

5.

The Debtor's Schedule I reflects a contribution from her son of $250.00 per month. The Trustee requests documentation regarding this contribution, including, but not limited to, a notarized affidavit executed by the contributor which states the date the contribution began and how long it is expected to continue. If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease or a notarized affidavit from the lessee. 11 U.S.C. Section 1325(a)(6).

6.

The funding of post-petition mortgage installments of $685.00 have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

7.

The Chapter 13 plan proposes to pay $4,500.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 2nd day of August, 2017.

Respectfully submitted,

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350

## CERTIFICATE OF SERVICE

Case No:  A17-60670-CRM

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
PATRICIA RENEE WEST
6121 RADFORD DRIVE
RIVERDALE, GA  30296

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
KING & KING LAW LLC
karen.king@kingkingllc.com

This the 2nd day of August, 2017.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303